O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| WASHINGTON INTERNATIONAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. L-06-56 |
| RAFAEL A. MORALES, INC. and RAFAEL A. MORALES, Individually, | § § § § | |
| Defendants. | § | |

## **O R D E R**

Pending before the Court are Plaintiff's Motion to Reconsider Plaintiff's Motion for Leave to Amend Plaintiff's Original Complaint [Doc. No. 61] and Plaintiff's Motion for Leave to Amend Plaintiff's Original Complaint [Doc. No. 61-2], filed on July 2, 2007.[1] Defendants filed a response to the motion for leave on July 16, 2007 [Doc. No. 64], Plaintiff filed a reply on July 25, 2007 [Doc. No. 70], to which Defendants filed a sur-reply on July 30, 2007 [Doc. No. 71], and Plaintiff filed a sur-reply to Defendants' sur-reply on August 8, 2007 [Doc. No. 72].

Plaintiff seeks leave to file a Second Amended Complaint in response to Defendant Rafael A. Morales' motion for summary judgment, in which Defendant Rafael A. Morales, Individually (hereinafter "Defendant Morales") argues that Plaintiff did not adequately plead a theory for piercing the corporate veil. Plaintiff contends that in its Original Complaint, Plaintiff pled particular facts which gave Defendant Morales notice of the fraud claim against him; Plaintiff states that the

---

[1] Plaintiff's original motion for leave to amend [Doc. No. 55], filed on June 27, 2007, was denied without prejudice for failing to include a certificate of conference as required under Local Rule 7.1, S.D. Tex. [Doc. No. 60].

purpose of its proposed amended pleading is to "avoid any potential confusion in the future" [Doc. No. 61-2, ¶ 5], and is "merely sought for clarification" [Doc. No.70, ¶ 7].

Defendants argue that: (1) Plaintiff failed to amend its complaint by the deadline for amending pleadings; (2) Plaintiff has not shown good cause for enlarging this deadline; (3) Plaintiff has repeatedly demonstrated lack of diligence in seeking amendment; (4) Defendants will be prejudiced if Plaintiff is granted leave to amend; and (5) the claim asserted against Defendant Morales fails to plead a viable theory of recovery.

Federal Rule of Civil Procedure 16(b) ("Rule 16(b)") governs amendment of pleadings after the deadline for amending has expired. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). Here, Plaintiff filed his motion for leave to amend on July 2, 2007, well after the May 28, 2007 deadline for amending pleadings. *See* Doc. No. 45. Thus at this stage of the proceedings—after the deadline for amending pleadings has expired—"only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply ..." *S&W Enterprises*, 315 F.3d at 536.[2]

To demonstrate "good cause" in this context, the movant must show "'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id*. at 535 (quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In considering an untimely motion to amend pleadings, the Court analyzes the following factors: (1) the movant's explanation for failing to timely seek leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing amendment; and (4) the availability of a continuance to cure this prejudice. *Id*. at 536 (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d

---

[2] *See also S&W Enterprises*, 315 F.3d at 536 n.4 ("[T]he presence of a scheduling order renders the Rule 15 inquiry secondary [to Rule 16(b)].").

253, 257 (5th Cir. 1997)).

Upon consideration of these factors, Plaintiff has not shown good cause for amending its pleading. First, Plaintiff's motion for leave to amend filed on July 2, 2007 was untimely. Plaintiff simply does not provide any rationale for why it failed to seek leave to amend its complaint before the May 28, 2007 deadline. Second, by Plaintiff's own admission, the proposed amendment is only for clarification purposes, and thus is of limited importance. Third, the claim and theory of recovery which Plaintiff seeks to "clarify" was known to Plaintiff at the time of its filing of the Original Complaint. *See* [Doc. No. 1, ¶¶ 12, 14]. Fourth, allowing amendment at this late date could prejudice Defendant Morales, as it may require revisiting discovery to address the new allegations. A continuance would not cure this extra cost and delay. The amendment would also delay court proceedings, which are already at the summary judgment stage. Ultimately, Plaintiff did not show that it diligently attempted to meet this deadline but that it could not reasonably meet the deadline despite its diligence. Thus Plaintiff has not shown good cause for modifying the schedule to enlarge this deadline pursuant to Federal Rule of Civil Procedure 16(b).

For the foregoing reasons, Plaintiff's Motion to Reconsider Plaintiff's Motion for Leave to Amend Plaintiff's Original Complaint [Doc. No. 61] is DENIED.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 16th day of August, 2007.

_____
Adriana Arce-Flores
United States Magistrate Judge